[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The court finds that it has jurisdiction over the marriage; that the plaintiff has resided in the State of Connecticut more than one year prior to the bringing of this action. The court finds that the defendant, Robert Eugene Burrill, Jr. appeared personally before this court, by manuscripted appearance dated November 28, 1995 and filed December 1, 1995, and again by submission of a pro se appearance on Form JD-CL-12, Rev. 6-94, dated December 7, 1995 and filed December 13, 1995. The defendant did not thereafter, (within any time frame) contest Connecticut's jurisdiction over him, for the relief sought by the plaintiff. Indeed upon moving, the defendant submitted a new appearance form evidencing his changed address, dated January 31, 1997 and filed February 4, 1997.
A hearing was held on September 4, 1997. At that time the plaintiff was present and the defendant was not. The plaintiff presented evidence and, through counsel, made her arguments for her claims for relief. Mr. Burrill had actual notice of the hearing date. His July 2, 1997 sworn financial affidavit is before this court.
The parties have been married since February 15, 1986, over 11 years. This action commenced by writ returnable to the court on November 28, 1995. This is a second marriage for the plaintiff. There are no children of this marriage. Each party has children by prior marriage. None of the children lived with the married couple for any substantial length of time.
As a result of an automobile accident in August 1990, Ms. CT Page 10535 Burrill is fully disabled from working. She has suffered a traumatic brain injury. She currently receives Social Security Disability. Her traumatic brain injury has resulted in significant deficit in her cognitive thinking. She also broke two vertebrae, ribs, toes and a rotator cuff. She is in severe pain at all time. She receives Social Security Disability as shown on her financial affidavit filed with the court for this hearing.
The parties have been separated on and off throughout the marriage, commencing in May, 1989. Mr. Burrill would leave and not come back for periods of time. Two days after the plaintiff's release from the hospital for her injuries, the defendant abandoned her at a beach. In 1991, the plaintiff joined the defendant in Illinois. He was earning $78,000 a year. The plaintiff contributed to the marital expenses, utilizing settlement proceeds from her auto accident claim. These funds were utilized to support a home in Madison that the plaintiff purchased with a $70,000 down payment from the sale of a previous home that she had owned. The Madison home was purchased at the defendant's request. He failed to contribute anything to the down payment. Ultimately, the Madison home was lost to foreclosure. The parties each show substantial current debt on their financial affidavits.
Mr. Burrill had worked at IBM for 25 years, leaving in 1988, two years after marriage. He left with a severance pay of $250,000.00. None of that was shared with the plaintiff. The only asset of consequence remaining to the parties is the defendant's pension. While no evidence of current value has been presented, it will apparently pay out at $1600 per month when the defendant is 65 years old.
The court, having considered the evidence and the statutory criteria for the dissolution of marriage award of counsel fees, and the alimony (C.G.S. § 46b-82) and assignment of the marital estate (C.G.S. § 46b-81) orders:
1. Dissolution of marriage;
 2. Lump sum alimony to be paid by the defendant to the plaintiff in the amount of $25,000 due and payable on October 31, 1998;
 3. Periodic alimony to be paid by the defendant to the plaintiff in the amount of CT Page 10536 $100.00 per week commencing November 1, 1997, to terminate on the death of either party or remarriage of the plaintiff;
 4. By qualified domestic relations order (QDRO), the plaintiff is entitled to 50% of the value of the defendant's pension with IBM, valued as of September 30, 1997. The court shall retain jurisdiction over the provision for purposes of its effectuation.
 5. The plaintiff has restored to her, her prior name of Joyce Ethel Clancy.
 6. Each party shall pay the debts shown or their respective financial affidavits.
 7. The plaintiff shall pay her own counsel fees.
Munro, J.